WELLS FARGO FINANCIAL LOUISIANA, INC.

VERSUS

BETTY MONTGOMERY GALLOWAY, VALERIE SENNETTE GALLOWAY, AND GREGORY LOUIS GALLOWAY

\*      NO. 2022-CA-0457

\*      COURT OF APPEAL

\*      FOURTH CIRCUIT

\*      STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-03487, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
ON APPLICATION FOR REHEARING

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

**BELSOME, J, DISSENTS**

Christopher D. Meyer
BURR & FORMAN, LLP
190 East Capitol Street, Suite M-100
Jackson, MS 39201

       COUNSEL FOR PLAINTIFF/APPELLEE

R. Lee Eddy, III
ATTORNEY AT LAW
433 Metairie Road
Suite 100
Metairie, LA 70005

       COUNSEL FOR DEFENDANT/APPELLANT

       **LIMITED REHEARING GRANTED; RELIEF DENIED;
ORIGINAL OPINION AFFIRMED
MAY 22, 2023**

We grant appellants, Betty Montgomery Galloway, Valerie Sennette Galloway, and Gregory Louis Galloway's (the "Galloways") application for rehearing for the limited purpose of addressing their argument that this Court misinterpreted Wells Fargo's letters dated May 21, 2010 and June 10, 2010.

Subsequent to this Court's April 19, 2023 decision, the Galloways filed an application for rehearing, seeking reconsideration of our decision. The Galloway's argue that Wells Fargo's June 10, 2010 letter declared the Galloways in default, therefore, pursuant to La. C. C. art. 3498, Wells Fargo's security interest in the property prescribed. We disagree.

As provided, in the original opinion, the May 21, 2010 letter detailed a return of payment to the Galloways in the amount of $8,520.00. Wells Fargo's June 10, 2010 letter elaborated that Wells Fargo was unable to accept payments that were insufficient to reinstate the loan, as the Galloways were in default for over $11,000.00.

1

While the Galloways focus on the June 10, 2010 letter stating that they were in default, they fail to consider that the letter did not provide that Wells Fargo was accelerating or requiring the Galloways to pay the entire outstanding balance of $45,852.00. Accordingly, the June 10, 2010 letter was not an exercise of Wells Fargo's option to accelerate the note and Wells Fargo's claims had not prescribed.

For these reasons, we grant a limited rehearing, deny relief, and affirm our original opinion.

**LIMITED REHEARING GRANTED; RELIEF DENIED;**
**ORIGINAL OPINION AFFIRMED**